IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD BRYAN,

Plaintiff,

v.

ELK AIR CONDITIONING, LLC,

Defendant.

Case No. 2:21-cv-417

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES Plaintiff, Donald Bryan, by and through his attorney, Prabhu Narahari, Esq., of Manes & Narahari LLC, and files this Complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this Complaint to recover damages under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Pennsylvania Human Relations Act of 1955 ("PHRA") 43 Pa. Cons. Stat. § 951 *et seq.* Plaintiff alleges that he was discriminated against as a result of his need to take a brief leave of absence from his employment with Defendant in order to undergo surgery to address a birth defect. The alleged discrimination culminated with Plaintiff's unlawful termination, as he alleges in detail below.

## II. Jurisdiction and Venue

2. This action arises under the ADA. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania. The venue is proper pursuant to 28 U.S.C. § 1391(b).

5. Plaintiff filed a timely charge with the Equal Employment Opportunity Employment Commission ("EEOC") regarding his allegations under the ADA on June 18, 2020, under charge number 533-2020-01748. *See Exhibit 1*.

6. Plaintiff was mailed Notice of Right to Sue from the ("EEOC") on January 19, 2021. This Complaint has been filed within ninety days of the Plaintiff's receipt, thus making this action timely. *See Exhibit 2*.

## III. Parties

7. Plaintiff, Donald Bryan ("Bryan"), is an adult individual with a primary residence located at 37 Cross Street, Pittsburgh, PA 15221.

8. Defendant, Elk Air Conditioning, LLC ("Defendant") is a Pennsylvania business corporation with a regular place of business located at 75 Billott Avenue, North Huntington, PA 15642.

## IV. Facts

9. Bryan began working for Defendant as a construction foreman for Elk Air Conditioning in July 2019.

10. He originally came to work for Defendant as a temporary worker through a staffing agency, but he was offered a permanent position about six weeks into his employment. This offer was made because of positive feedback from supervisors and co-workers regarding Bryan's work performance.

11. After he assumed his new role, his primary job responsibilities included reading and interpreting blueprints, scheduling and performing work required by company contract, managing manpower, and providing quality control.

12. Although Bryan was an excellent employee, he ran into some issues with his immediate supervisor, Chris Kemp. Specifically, Kemp often took an extremely hostile attitude with Bryan and refused to provide necessary support in the various jobs on which they worked.

13. Because of this, in late December 2019, Bryan sent an email to owner Ralph Kemp explaining his dissatisfaction with the treatment that he received from management. In the email, Bryan stated his resignation and offered his two weeks' notice.

14. Ralph Kemp then called Bryan and he assured him that the issues would be remediated. As a result of this promise, Bryan rescinded his resignation.

15. After this incident, Bryan began to experience severe pain in his left hip due to a birth defect known as femoral acetabular impingement ("FAI"). He has dealt with FAI for his entire life; however, by late January 2020, the pain caused by the disorder became unbearable.

16. Bryan soon learned that he would require surgery on his hip as a result of his FAI diagnosis. As soon as he learned this, Bryan informed Chris Kemp that he was scheduled to have surgery in mid-March.

17. In order to fully recover from the surgery, Bryan would have to be off of work for between six and eight weeks. His request for the time off was granted by Kemp.

18. Bryan continued to work as usual during this time, despite the pain that he experienced. However, approximately three weeks after Bryan informed Defendant of his impending surgery, he was called into Ralph Kemp's office and informed that his pay would be reduced by $6 per hour.

19. During this meeting, Kemp told Bryan that he was not a good fit for the company and, if he disagreed with the lower rate of pay, he could quit. Bryan was told that the issue was not up for debate, and he received no further information.

20. Two weeks later, right before Bryan's scheduled surgery, Ralph Kemp informed him that he would no longer receive medical insurance because of his upcoming leave.

21. At nearly the same time that Bryan's leave began, most of Defendant's were furloughed due to a Pennsylvania-wide stay-at-home order issued by Gov. Tom Wolf in response to the Covid-19 pandemic. Despite this, Bryan learned from his physician on May 6, 2020 that he would be cleared to return to work on May 11, 2020.

22. He immediately informed officials at Defendant's Human Resources Department of his return date. Two days later, on May 8, 2020, he received an email from the HR Department informing him that he would not be called back to work. The sender wished him luck with his future endeavors.

23. All other furloughed employees of Defendant have since been asked to return to work.

## COUNT I
### Disability Discrimination in Violation of the ADA

24. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

25. In order to establish a *prima facie* case of disability discrimination under the ADA, a plaintiff must show:

   a. "He is a disabled person within the meaning of the ADA;

   b. He is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer;

   c. He has suffered an otherwise adverse employment decision as a result of the discrimination." Gaul v. Lucent Techs., Inc., 134 F.3d 576, 580 (3d Cir. 1998).

26. The inquiry into whether a person is disabled under the ADA is made on a case-by-case analysis. Tice v. Centre Area Transport Authority, 247 F.3d 506 (3rd Cir. 2001).

27. The term "disability" is defined under the ADA as:

   a. "A physical or mental impairment that substantially limits one or more major life activities of such individual;

   b. A record of such an impairment; or

   c. Being regarded as having such an impairment." 29 C.F.R. § 1630.2(g).

28. Here, Bryan is disabled as a result of his diagnosis of FAI, a birth defect which caused him extreme pain and necessitated surgery in March 2020.

29. Bryan was otherwise well qualified for his position and was able to perform the essential functions of his job. He was hired as a full-time employee for Defendant as a result of his excellent work and productivity.

30. Bryan suffered adverse employment action when he was not re-hired along with other employees at the end of the state-wide stay-at-home order.

31. It was only after he requested a reasonable accommodation of time off of work to recover from surgery that Defendant's management began to suggest that he was not a good fit for the company.

32. Further, Bryan's pay was reduced and his health care was taken away shortly after he informed the company of his hip surgery and temporary leave.

33. Bryan was then terminated by the company at the end of his medical leave. He was offered no non-discriminatory reason for the reduction in his pay, the ending of his medical benefits, or his termination.

34. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Bryan's rights protected under federal law to be free from discrimination.

## COUNT II
### Retaliation in Violation of the ADA

35. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

36. In order to establish a *prima facie* case of retaliation under the ADA, Bryan must show:

   a. He engaged in a "[p]rotected employee activity;

   b. Adverse action by the employer either after or contemporaneous with the employee's protected activity; and

      c. A causal connection between the employee's protected activity and the employer's adverse action." Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997).

37. Here, Bryan engaged in a protected activity in invoking his need for accommodation and temporary medical leave.

38. He suffered adverse action shorty after invoking this need in that his pay was reduced, his health insurance was cancelled, and he was not called back into work.

39. A causal connection is established as a result of the sequence of events. Bryan had no such issues with Defendant prior to asserting his rights through protected activity.

40. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Bryan's rights protected under federal law to be free from discrimination.

## COUNT III
### Disability Discrimination in Violation of the PHRA

41. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

42. The analytical framework used to evaluate a disability discrimination claim under the PHRA is effectively indistinguishable from that under the ADA, thus allowing courts to dispose of both ADA and PHRA claims on the same grounds. Bialko v. Quaker Oats Co., 434 F. App'x. 139, 142 n.5 (3d Cir. 2011) (citing Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 382 (3d Cir. 2002).

43. Because Bryan is able to state a viable claim of disability discrimination under the ADA, so too will he be able under the PHRA.

44. Here, Bryan was disabled under the ADA and, respectively, under the PHRA.

45. Bryan was qualified to perform the essential functions of his position.

46. Bryan suffered an adverse employment action when he was fired from his position with Defendant absent cause, shortly after making several requests for reasonable accommodation.

47. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Bryan's rights protected under federal law to be free from discrimination.

### COUNT IV
### Retaliation in Violation of the PHRA

48. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

49. As stated above, in violating the ADA, Defendant thereby violated PHRA.

50. Because Bryan is able to state a viable claim of unlawful retaliation under the ADA, so too will he be able under the PHRA.

51. Bryan engaged in a protected activity in invoking his need for accommodation and temporary medical leave.

52. He suffered adverse action shorty after invoking this need in that his pay was reduced, his health insurance was cancelled, and he was not called back into work.

53. A causal connection is established as a result of the sequence of events. Bryan had no such issues with Defendant prior to asserting his rights through protected activity.

54. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Bryan's rights protected under federal law to be free from discrimination.

### PRAYER FOR RELIEF

WHEREFORE, Bryan respectfully requests that this Court enter judgment in his favor, and against the Defendant, and award all damages available at law and equity, including:

a) Lost back pay resulting from Defendant's wrongful termination of Bryan;

b) Lost front pay continuing into the future for Defendant's unlawful conduct;

c) Compensatory damages, including emotional damages and humiliation;

d) Punitive damages to punish Defendant's conduct and to deter similar future conduct;

e) Costs for bringing this action;

f) Attorneys' fees;

g) Pre-judgment and continuing interest; and

h) Any other relief that this Court deems necessary and proper.

                                            Respectfully Submitted,

                                            /s/ Prabhu Narahari
                                            Prabhu Narahari, Esq.
                                            PA ID: 323895
                                            **Manes & Narahari LLC**
                                            Law & Finance Building
                                            429 Fourth Avenue, Suite 300
                                            Pittsburgh, PA 15219
                                            (412) 626-5588 Direct
                                            (412) 650-4845 Fax
                                            pn@manesnarahari.com

## VERIFICATION

I, Donald Bryan, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

_____
Donald Bryan